## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHON STEINSULTZ, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>        vs.<br><br>AISIN MANUFACTURING ILLINOIS, LLC<br><br>                 Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:24-cv-02331-SMY

### DEFENDANT AISIN MANUFACTURING ILLINOIS, LLC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

NOW COMES Defendant, Aisin Manufacturing Illinois, LLC ("Defendant"), by and through its attorneys, and for its amended answer and affirmative defenses states as follows:

### NATURE OF THE CASE

1.     BIPA addresses the dangers posed by the mishandling of biometric data by providing a right of action to any person who is subjected to a violation of the Act within the State of Illinois.  740 ILCS 14/20.

**Answer:**    The allegations contained in Paragraph 1 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

2.     As relevant here, private entities that collect, obtain, store, or otherwise possess an individual's biometric data violate BIPA when they (i) fail to develop, publicly disclose, and comply with "a retention schedule and guidelines for permanently destroying biometric identifiers and information" (740 ILCS 14/15(a)); (ii) obtain biometric data without first providing adequate written notice and obtaining a written release (740 ILCS 14/15(b), 14/10); and (iii) share biometric data without first obtaining the individual's informed consent (740 ILCS 14/15(d)).

1

**Answer:**   The allegations contained in Paragraph 2 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2.

3.    This action seeks to remedy Defendant's illegal practice of disregarding Plaintiff's and all other similarly situated individuals' statutorily protected privacy rights in violation of each of these sections.

**Answer:**   Defendant admits that Plaintiff has filed a class action lawsuit against it. Defendant denies that Plaintiff, or anyone else who Plaintiff claims is similarly situated, is entitled to any relief whatsoever.   Defendant denies the remaining allegations contained in Paragraph 3.

4.    Defendant Aisin Manufacturing Illinois, LLC is an Illinois corporation organized and existing under the laws of the State of Illinois, with at least three facilities located in the AISIN Industrial Park in Marion, IL.

**Answer:**   Defendant denies that it is "an Illinois corporation"; Defendant is a limited liability company organized under the laws of Illinois.   Defendant denies that it has "at least three facilities"; Defendant has only one facility.   Answering further, Defendant's sole member is a California corporation with its principal place of business located in Indiana.   (*See* Notice of Removal, Dkt. 1, ¶ 8).

5.    While many employers use conventional methods for time tracking (such as ID badge or punch clocks), Aisin's hourly workers are required to have their fingerprints scanned by a biometric timekeeping device.   Hereinafter, these individuals shall be referred to as "Aisin hourly workers."

**Answer:**   Defendant denies the allegations in Paragraph 5.

6.    When an individual is hired to work at one or more of Defendant's facilities as an hourly employee, including Plaintiff, they are enrolled in Defendant's biometric timeclocks using their fingerprint.   Defendant uses their timekeeping systems to monitor time worked.

**Answer:**  Denied.

7.      Instead of using conventional methods for tracking time worked (such as ID badges or punch clocks), Aisin hourly workers have their fingerprints scanned by a biometric timekeeping device.

**Answer:**  Defendant denies the allegations in Paragraph 7.

8.      But Defendant's utilization of its employees' biometric information does not stop there.  Defendant also requires employees in certain positions – including offline team leaders and supervisors – to scan their fingerprints on a biometric device located on or at an assembly line in order to restart the line after an error has occurred.

**Answer:**  Defendant admits that certain employees scan their finger for use of a device that is needed to restart a line after an error has occurred.  Defendant expressly denies that device uses "biometric information" or "biometric identifiers" under BIPA, and denies the remaining allegations contained in Paragraph 8.

9.      When an individual is hired or promoted to work for Defendant in a supervisory position, including Plaintiff, they are enrolled in Defendant's biometric assembly line system using their fingerprint.

**Answer:**  Defendant admits that some of its supervisory team members are authorized to activate the machine-restart system and incorporates its Answer to Paragraph 8, *supra*.  Defendant denies the remaining allegations contained in Paragraph 9.

10.      Biometrics are not relegated to esoteric corners of commerce.  Many businesses – such as Defendant's – have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

**Answer:**  Defendant denies the allegations that it has incorporated biometric applications into its workplace.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and therefore denies the same.

11.      Unlike ID badges or timecards – which can be changed or replaced if stolen or compromised – eyes, fingerprints, voiceprints, and face geometry are unique, permanent biometric identifiers associated with each worker.  If a system or database containing biometric data is hacked, breached, or otherwise exposed, individuals have ___**no**___ means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.  This exposes Defendant's workers to serious and irreversible privacy risks.

3

**Answer:**   Defendant denies the allegations that it exposes its employees to serious and irreversible privacy risks.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and therefore denies the same.

12.     Take, for example, the recent Kronos data breach.  Kronos, one of the world's leading providers of biometric timekeeping solutions, succumbed to a ransomware attack in December 2021.  The resulting "administrative chaos" suffered by thousands of Kronos' corporate clients extended well into 2022.  *See* Becky Sullivan, *Hackers disrupt payroll for thousands of employers — including hospitals*, (Jan. 15, 2022), https://www.npr.org/2022/01/15/1072846933 /kronos-hack-lawsuits.  And for the eight million workers whose personal data was exposed, it may be years before the true extent of their vulnerabilities come to pass.  The system breached – Kronos Private Cloud – hosted Kronos's "Workforce Central," where employee biometric data collected for timekeeping purposes is stored.

**Answer:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13.     Recognizing the need to protect its citizens from threats like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, specifically to regulate companies that collect, store, and use Illinois citizens' biometrics.

**Answer:**   The allegations contained in Paragraph 13 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13.

14.     Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Plaintiff's and other similarly-situated individuals' statutorily protected privacy rights and unlawfully collect, store, disseminate, and use Plaintiff's and other similarly-situated individuals' biometric data in violation of BIPA.  Specifically, Defendant violated and continues to violate BIPA by:

    a.     failing to develop, publish, and adhere to a publicly available retention schedule with guidelines for permanently destroying biometric data, as required by § 15(a);

    b.     failing to obtain from Plaintiffs and others similarly situated a written release that notifies them, in writing, that their biometric data was being collected, stored, or otherwise obtained, and specifically why and for how long their biometric data would be collected, stored, and used, as required by § 15(b);

      c.     failing to obtain Plaintiffs' informed consent before disclosing, redisclosing, or otherwise disseminating their biometrics to timekeeping vendors, payroll vendors, and other private entities, as required by of § 15(d); and

**Answer:**  Defendant denies the allegations contained in Paragraph 14.

15.     Accordingly, Plaintiff, on behalf of himself as well as the putative Class, seeks an Order:  (1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

**Answer:**  Defendant admits that Plaintiff has filed this class action Complaint seeking various forms of relief.  Defendant denies that Plaintiff and the putative class which he purports to represent are entitled to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph 15.

## PARTIES

16.     Plaintiff Jonathon Steinsultz is a natural person and a citizen of the State of Illinois.

**Answer:**  On information and belief, Defendant admits the allegations contained in Paragraph 16.

17.     Defendant Aisin is an Illinois corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Marion County.

**Answer:**  Defendant denies that it is "an Illinois corporation"; Defendant is a limited liability company organized under the laws of Illinois.  Answering further, Defendant's sole member is a California corporation with its principal place of business located in Indiana.  (*See* Notice of Removal, Dkt. 1, ¶ 8).  Defendant admits that it conducts business in the State of Illinois.  Answering further, Defendant's relevant Illinois operations are located in the City of Marion, Illinois, which in turn is located in Williamson County, Illinois.

**JURISDICTION AND VENUE**

18.     This Court has jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209 because it transacts business in Illinois, committed the statutory violations alleged herein throughout the State of Illinois, and is registered to conduct business in Illinois.

**Answer:**  Defendant admits that the Southern District of Illinois, to which this case has

been removed, has jurisdiction over Defendant.  (*See* Notice of Removal, Dkt. 1).

19.     Venue is proper in Marion County because Defendant is authorized to conduct business in this State, Defendant conducts business transactions in Marion County, Defendant's corporate headquarters are in Marion County, and Defendant committed the statutory violations alleged herein in Marion County.

**Answer:**  Defendant denies that the Circuit Court of Marion County, Illinois, in which

this matter was originally filed, is or was at any time a proper venue for this case.  Answering

further, Defendant's relevant Illinois operations are located in the <u>City</u> of Marion, Illinois, which

in turn is located in Williamson County, Illinois.  However, Plaintiff incorrectly filed this action

in Marion <u>County</u>, Illinois.  Finally, Defendant states that the Benton Courthouse of the Southern

District of Illinois, to which this case has been removed, is a proper venue.

**FACTUAL BACKGROUND**

I.     **The Biometric Information Privacy Act**

20.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias."  740 ILCS § 14/5(c).  Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology.  *See* 740 ILCS § 14/5.

**Answer:**  The allegations contained in Paragraph 20 call for a legal conclusion, to which

no response is required. To the extent a response is required, Defendant denies the allegations

contained in Paragraph 20.

21.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy.  That bankruptcy was alarming to the Illinois Legislature because suddenly, there was a serious risk that millions of fingerprint records—which, like other

unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather, to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

**Answer:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

**Answer:** The allegations contained in Paragraph 22 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 22.

23.     BIPA was enacted due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. It does not, however, prohibit the appropriate use of biometric security and screening measures.

**Answer:** The allegations contained in Paragraph 23 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 23.

24.     BIPA establishes a comprehensive baseline for biometric data protection by making it unlawful for a company to, among other things, collect, capture, store, share, or otherwise obtain, possess or disclose an individual's biometric data without:

        a.      developing, publishing, and adhering to a publicly available retention schedule with guidelines for permanently destroying biometric data;

        b.      obtaining a written release from each individual that notifies them, in writing, that their biometric data was being collected, stored, or otherwise obtained, and specifically why and for how long their biometric data would be collected, stored, and used;

        c.      obtaining an individuals informed consent before disclosing, redisclosing, or otherwise disseminating their biometrics to other private entities; and

    d.    protecting an individual's biometric data "using the reasonable standard of care within the private entity's industry" or "in a manner that is the same or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information."

*See* 740 ILCS § 14/15(a), (b), (d), and (e).

**<u>Answer:</u>**    The allegations contained in Paragraph 24 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 24.

25.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information. 740 ILCS § 14/15(c).

**<u>Answer:</u>**    The allegations contained in Paragraph 25 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 25.

26.    To ensure compliance, BIPA provides that, for <u>each</u> violation, individuals may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

**<u>Answer:</u>**    The allegations contained in Paragraph 26 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26.

27.    Biometric identifiers include retina and iris scans, voiceprints, face geometry, hand geometry, and fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

**<u>Answer:</u>**    The allegations contained in Paragraph 27 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 27.

28.    BIPA protects individuals' right to privacy over their biometrics the right to know the precise nature for which their biometrics are used, stored, protected, and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data

breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics, and creates a private right of action for lack of statutory compliance.

**Answer:**   The allegations contained in Paragraph 28 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 28.

29.    Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric identifiers and biometric information secure.  Biometric data, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**Answer:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore denies the same.

## II.    Defendant Violates the Biometric Information Privacy Act.

30.    By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using individuals' biometric data stopped doing so.

**Answer:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies the same.

31.    However, Defendant failed to take note of the shift in Illinois law governing the collection, use and dissemination of biometric data.  As a result, Defendant continues to collect, store, use and disseminate individuals' biometric data in violation of BIPA.

**Answer:**   Defendant denies the allegations contained in Paragraph 31.

32.    Specifically, when Aisin hourly workers begin working for Defendant, they are required to have their fingerprints scanned to enroll them in Defendant's timekeeping system and related database(s).

**Answer:**   Defendant denies the allegations contained in Paragraph 32.

33.    Defendant uses and has used software supplied by a third party and requires workers' fingerprints to be enrolled in Defendant's timekeeping system as a means of authentication.  Per the company's policy, all Aisin hourly workers may use their fingerprints to clock-in and clock-out for attendance.

**Answer:**   Defendant denies the allegations contained in Paragraph 33.

34.    Additionally, and also per the company's policy, Defendant requires some of its employees to use their fingerprints to restart an assembly line after an error has occurred.  When

one of Defendant's assembly lines encounters an error – whether manmade or a technical – certain pieces of equipment can only be reset, and the assembly line can only restart, after one of Defendant's employees scans his or her fingerprint into a biometric device located on or at the malfunctioning assembly line.

**Answer:**   Defendant admits that certain supervisory team members scan their finger for use of a device that is needed to restart a line after an error has occurred.  Defendant expressly denies that the device uses "biometric information" or "biometric identifiers" under BIPA, and denies the remaining allegations contained in Paragraph 34.

35.    Upon information and belief, Defendant failed and continues to fail to inform Aisin workers that it discloses or disclosed their fingerprint data to at least one out-of-state third-party vendor, and likely others; fails to inform Aisin workers that it discloses their fingerprint data to other, currently unknown, third parties; fails to inform Aisin workers of the purposes and duration for which it collects their sensitive biometric data; and fails to obtain written releases from Aisin workers before collecting their fingerprints.

**Answer:**  Defendant denies the allegations contained in Paragraph 35.

36.    Furthermore, Defendant fails to provide Aisin workers with a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying their fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by BIPA.

**Answer:**  Defendant denies the allegations contained in Paragraph 36, and further denies that Defendant has any legal duty that such allegations may imply.

37.    Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlight why such conduct – where individuals are aware that they are providing their biometrics, but not aware of to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long.  Defendant disregards these obligations and its workers' statutory rights and instead unlawfully collects, stores, uses and disseminates its workers' biometric identifiers and information, without first receiving the individual's informed written consent required by BIPA.

**Answer:**  The allegations contained in Paragraph 37 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 37.

38.     Defendant did not advise Plaintiff or others similarly situated what might happen to their biometric data if and when Defendant merges with another company, or worse, if and when Defendant folds.

**Answer:**  Defendant denies the allegations contained in Paragraph 38.

39.     Because Defendant failed to publish a BIPA-mandated data retention policy or disclosed their collection and use of biometric data, Aisin workers have no idea at the time of collection whether Defendant sells, discloses, rediscloses, or otherwise disseminates their biometric data.  Moreover, Plaintiff and others similarly situated are not told at the time of collection to whom Defendant discloses their biometric data, or what might happen to their biometric data in the event of a merger, dissolution, or a bankruptcy.

**Answer:**  Defendant denies the allegations contained in Paragraph 39.

40.     These violations raise a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

**Answer:**  Defendant denies the allegations contained in Paragraph 40.

41.     By and through the actions detailed above, Defendant disregarded Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**Answer:**  The allegations contained in Paragraph 41 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 41.

### III.     Plaintiff Jonathon Steinsultz's Experience

42.     Plaintiff Jonathon Steinsultz worked at Aisin from July 2004 through November 2023 at one of Defendant's three plants located in Marion, Illinois.  All three of Defendant's Marion, Illinois plants are located in the AISIN Industrial Park.

**Answer:**  Defendant admits the allegations contained in Paragraph 42.

43.     As a condition of working as an hourly employee at Aisin, Plaintiff ***was required*** to enroll his fingerprint in Defendant's timekeeping system so Defendant could use it as an authorization method to track his time.  Plaintiff's fingerprint remained enrolled in Defendant's timekeeping system the entire time he worked at Aisin as an hourly paid employee.

**Answer:**  Defendant denies the allegations contained in Paragraph 43.

44.     Additionally, Plaintiff also worked at Aisin as an Assistant Department Manager Over Manufacturing.  During this time, Plaintiff was able to restart an assembly line via the use of a biometric scanner.  Specifically, when an assembly line overseen by Plaintiff encountered an

error, Plaintiff *was required* to scan his fingerprint on the biometric device located on or at that assembly line in order to restart the line.

**Answer:**    Defendant admits that Plaintiff was one of the individuals authorized to activate the machine-restart system discussed at length in Defendant's Answer to Paragraph 8, and it incorporates its Answer to Paragraph 8 herein.  Defendant denies the remaining allegations contained in Paragraph 44.

45.    Defendant subsequently stored Plaintiff's fingerprint data in its timekeeping system and related database(s).

**Answer:**  Defendant denies the allegations contained in Paragraph 45.

46.    Plaintiff has never been informed of the specific limited purposes or length of time for which Defendant collected, stored, used and/or disseminated his biometric data.

**Answer:**    Defendant denies that it has ever made use of "biometric information" or "biometric identifiers" under BIPA and therefore denies the allegations contained in Paragraph 46.

47.    Plaintiff has never been informed of any biometric data retention policy developed by Defendant, nor has he ever been informed of whether Aisin will ever permanently delete his biometric data.

**Answer:**    Defendant denies that it has ever made use of "biometric information" or "biometric identifiers" under BIPA and therefore denies the allegations contained in Paragraph 47.

48.    Defendant has not developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying the biometric identifiers and biometric information it collects from him and other workers.

**Answer:**    Defendant denies that it has ever made use of "biometric information" or "biometric identifiers" under BIPA and therefore denies the allegations contained in Paragraph 48.

49.    Plaintiff has never been provided with nor ever signed a written release allowing Aisin to collect, store, use or disseminate his biometric data.

**Answer:**    Defendant denies that it has ever made use of "biometric information" or "biometric identifiers" under BIPA and therefore denies the allegations contained in Paragraph 49.

50.    Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's multiple violations of BIPA alleged herein.

**Answer:**    Defendant denies the allegations contained in Paragraph 50.

51.    No amount of time or money can compensate Plaintiff if his biometric data is compromised by the lax procedures through which Defendant captured, stored, used, and disseminated his and other similarly-situated individuals' biometrics.  Moreover, Plaintiff would not have provided his biometric data to Defendant if he had known that they would retain such information for an indefinite period of time without his consent.

**Answer:**    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 and therefore denies the same.  Defendant further denies that Plaintiff is entitled to any relief whatsoever.

52.    A showing of actual damages is not necessary in order to state a claim under BIPA.  *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

**Answer:**    The allegations contained in Paragraph 52 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 52.

53.    As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by Defendants.  *Rosenbach*, 2019 IL 123186, ¶ 40.

**Answer:**    The allegations contained in Paragraph 53 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 53.

## CLASS ALLEGATIONS

54.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiff brings claims on his own behalf and as representatives of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

**Answer:**   Defendant admits that Plaintiff has filed this class action Complaint seeking

various forms of relief.  Defendant denies that Plaintiff and the putative class which he purports

to represent are entitled to any relief whatsoever.   The remaining allegations contained in

Paragraph 54 call for a legal conclusion, to which no response is required. To the extent a

response is required, Defendant denies the allegations contained in Paragraph 54.


55.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it first (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information.  740 ILCS § 14/15.

**Answer:**   The allegations contained in Paragraph 55 call for a legal conclusion, to which

no response is required. To the extent a response is required, Defendant denies the allegations

contained in Paragraph 55.


56.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 § ILCS 5/2-801 for the following class of similarly-situated individuals under BIPA:

> All individuals working for Aisin Manufacturing Illinois, LLC in
> the State of Illinois who had their biometric identifiers and/or
> biometric information collected, captured, received, obtained,
> maintained, stored or disclosed by Defendant during the applicable
> statutory period.

**Answer:**    Defendant admits that Plaintiff seeks class action treatment for his claims.

Defendant denies that Plaintiff or anyone in the alleged putative class is entitled to any relief

whatsoever, and further denies that Defendant collected, captured, received, obtained, maintained, stored, and/or disclosed "biometric identifiers" or "biometric information" as defined by BIPA. Defendant denies that Plaintiff's claims meet the requirements for class certification and denies the remaining allegations contained in Paragraph 56.

57.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

        (1)        The class is so numerous that joinder of all members is impracticable;

        (2)        There are questions of law or fact that are common to the class;

        (3)        The claims of the Plaintiff are typical of the claims of the class; and,

        (4)        The Plaintiff will fairly and adequately protect the interests of the class.

**Answer:**  Defendant denies the allegations contained in Paragraph 57.

**Numerosity**

58.     The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Aisin's payroll records.

**Answer:**  Defendant admits that the total number of putative class members exceeds fifty (50) individuals. While payroll records can likely be utilized to determine the number of putative class members, Defendant does not know whether use of the payroll records would lead to an exact number and denies that doing so would be easy.

**Commonality**

59.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

(1)      Whether Defendant collected, captured or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(2)      Whether Defendant properly informed Plaintiff and the Class of their purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

(3)      Whether Defendant obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

(4)      Whether Defendant has disclosed or re-disclosed Plaintiff's and the Class's biometric identifiers or biometric information;

(5)      Whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

(6)      Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;

(7)      Whether Defendant complies with any such written policy (if one exists);

(8)      Whether Defendant used Plaintiff's and the Class's fingerprints to identify them;

(9)      Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's biometric data will be unlawfully accessed by third parties;

(10)      Whether the violations of BIPA were committed negligently; and

(11)      Whether the violations of BIPA were committed intentionally and/or recklessly.

**<u>Answer:</u>**  Defendant denies the allegations contained in Paragraph 59.

60.    Plaintiff anticipates that Defendant will raise defenses that are common to the class.

**Answer:**  Defendant admits that intends to defend itself against the claims in this lawsuit, and will raise defenses if and when appropriate and consistent with applicable law.  Defendant denies the remaining allegations contained in Paragraph 60.

### Adequacy

61.    Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members.  Plaintiff, moreover, has retained experienced counsel that are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

**Answer:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61 and therefore denies the same.

### Typicality

62.    The claims asserted by Plaintiff are typical of the class members he seeks to represent.  Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

**Answer:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 and therefore denies the same.

63.    Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer and/or work assignment.  However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

**Answer:**  The allegations contained in the final sentence of Paragraph 63 call for a legal conclusion, to which no response is required. To the extent a response is required to such allegations, Defendant denies same.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 63 and therefore denies the same.

<u>**Predominance and Superiority**</u>

64.    The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members.  A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

**Answer:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 and therefore denies the same.  The allegations contained in Paragraph 64 likewise call for a legal conclusion, to which no response is required, and Defendant accordingly denies those allegations to the extent a response is required.

65.    Additionally, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**Answer:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 and therefore denies the same.  The allegations contained in Paragraph 65 likewise call for a legal conclusion, to which no response is required, and Defendant accordingly denies those allegations to the extent a response is required.

<u>**FIRST CAUSE OF ACTION**</u>
**Violation of 740 ILCS § 14/15(a):  Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

66.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**Answer:**  Defendant incorporates the foregoing answers as if fully set forth herein.

67.    BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must:  (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information.  *See* 740 ILCS § 14/15(a).

**Answer:**    The allegations contained in Paragraph 67 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 67.

68.    Defendant fails to comply with these BIPA mandates.

**Answer:**    Defendant denies the allegations contained in Paragraph 68.

69.    Defendant Aisin is a corporation registered to do business in Illinois with at least three Illinois locations and thus qualifies as a "private entity" under BIPA.  *See* 740 ILCS § 14/10.

**Answer:**    Defendant denies that it is "a corporation"; Defendant is a limited liability company organized under the laws of Illinois.  The remaining allegations contained in Paragraph 69 call for a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 69.

70.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Aisin, as explained in detail in Sections II and III, *supra.  See* 740 ILCS § 14/10.

**Answer:**    The allegations contained in Paragraph 70 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 70.

71.    Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA.  *See* 740 ILCS § 14/10.

**Answer:**   The allegations contained in Paragraph 71 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

72.    Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

**Answer:**   The allegations contained in Paragraph 72 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 72.

73.    Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

**Answer:**   Defendant denies the allegations contained in Paragraph 73.

74.    On behalf of himself and the Class, Plaintiff seeks:  (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**Answer:**   Defendant admits that Plaintiff has filed this class action Complaint seeking various forms of relief.  Defendant denies that Plaintiff and the putative class which he purports to represent are entitled to any relief whatsoever.  The remaining allegations contained in Paragraph 74 call for a legal conclusion, to which no response is required; to the extent a response is required, Defendant denies those remaining allegations contained in Paragraph 74.

## SECOND CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(b):  Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information

75.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**Answer:**   Defendant incorporates the foregoing answers as if fully set forth herein.

76.    BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data.  Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first:  (1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information..."  740 ILCS 14/15(b) (emphasis added).

**Answer:**   The allegations contained in Paragraph 76 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 76.

77.    Defendant fails to comply with these BIPA mandates.

**Answer:**   The allegations contained in Paragraph 77 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 77.

78.    Defendant Aisin is an Illinois corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA.  *See* 740 ILCS § 14/10.

**Answer:**    Defendant denies that it is "an Illinois corporation"; Defendant is a limited liability company organized under the laws of Illinois.  The remaining allegations contained in Paragraph 78 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 78.

79.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Aisin, as explained in detail in Sections II and III, *supra*.  *See* 740 ILCS § 14/10.

**Answer:**   The allegations contained in Paragraph 79 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80.    Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA.  *See* 740 ILCS § 14/10.

**Answer:**   The allegations contained in Paragraph 80 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 80.

81.    Defendant systematically and automatically collected, used, and stored Plaintiff's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

**Answer:**   The allegations contained in Paragraph 81 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 81.

82.    Defendant did not inform Plaintiff in writing that his biometric identifiers and/or biometric information were being collected, stored and used, nor did Defendant inform Plaintiff in writing of the specific purpose and length of term for which his biometric identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)–(2).

**Answer:**   The allegations contained in Paragraph 82 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 82.

83.    By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA.  *See* 740 ILCS 14/1, *et seq*.

**Answer:**   The allegations contained in Paragraph 83 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 83.

84.     On behalf of himself and the Class, Plaintiff seeks:  (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)

**Answer:**   Defendant admits that Plaintiff has filed this class action Complaint seeking various forms of relief.  Defendant denies that Plaintiff and the putative class which he purports to represent are entitled to any relief whatsoever.   The remaining allegations contained in Paragraph 84 call for a legal conclusion, to which no response is required; to the extent a response is required, Defendant denies those remaining allegations contained in Paragraph 84.

### THIRD CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(d):  Disclosure of Biometric Identifiers and Information Before Obtaining Consent

85.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**Answer:**  Defendant incorporates the foregoing answers as if fully set forth herein.

86.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure.  *See* 740 ILCS 14/15(d)(1).

**Answer:**   The allegations contained in Paragraph 86 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 86.

87.     Defendant fails to comply with this BIPA mandate.

**Answer:**   The allegations contained in Paragraph 87 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 87.

88.     Defendant Aisin is an Illinois corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA.  *See* 740 ILCS § 14/10.

**Answer:**    Defendant denies that it is "an Illinois corporation"; Defendant is a limited liability company organized under the laws of Illinois.   Answering further, Defendant's sole member is a California corporation with its principal place of business located in Indiana.  (*See* Notice of Removal, Dkt. 1, ¶ 8).  The remaining allegations contained in Paragraph 88 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 88.

89.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Aisin, as explained in detail in Sections II and III, *supra*.  *See* 740 ILCS § 14/10.

**Answer:**    The allegations contained in Paragraph 89 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 89.

90.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA.  *See* 740 ILCS § 14/10.

**Answer:**    The allegations contained in Paragraph 90 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 90.

91.     Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

**Answer:**    The allegations contained in Paragraph 91 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 91.

92.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA.  *See* 740 ILCS 14/1, *et seq.*

**Answer:**   The allegations contained in Paragraph 92 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92.

93.     On behalf of himself and the Class, Plaintiff seeks:  (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for <u>each</u> reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for <u>each</u> negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**Answer:** Defendant admits that Plaintiff has filed this class action Complaint seeking various forms of relief.  Defendant denies that Plaintiff and the putative class which he purports to represent are entitled to any relief whatsoever.   The remaining allegations contained in Paragraph 93 call for a legal conclusion, to which no response is required; to the extent a response is required, Defendant denies those remaining allegations contained in Paragraph 93.

*****

<u>**AMENDED AFFIRMATIVE AND OTHER DEFENSES**</u>

1.     Plaintiff's Complaint is barred by the applicable statute of limitations and/or laches.   Specifically, the timekeeping system that underlies Plaintiffs' allegations never had biometric functionality enabled, but even if it had been enabled and used (which Defendant expressly denies), Defendant discontinued all use of that timekeeping system by September 2017, approximately two years beyond the statute of limitations.   Therefore, any claims potentially arising from fingerprint timeclock allegations are time-barred.

2.      The claims are barred in whole or in part to the extent that any purported injury, if any, is not fairly traceable to the alleged violation of BIPA, and the relief sought would not redress any such injury. Plaintiff claims that Defendant's alleged noncompliance with BIPA's notice and consent provisions disregarded his privacy rights and caused informational injury, economic harm and mental anguish with a constant risk of exposure and dissemination of his biometric identifiers and biometric information. Yet, strict compliance with the statute (including the publication of a written policy with retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, as well as obtaining advance written consent for the collection, storage, and use of such data, and/or disclosing the purpose and length of term for same) would not have stopped Plaintiff or any putative class member from knowingly and voluntarily using the time tracking system and, therefore, would not have prevented the collection, storage, and use of any such data or otherwise mitigate against such purported injuries.

3.      To the extent that during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages or shall reduce such claims or damages as provided by law.

4.      Litigation is at an early stage and Defendant's investigation of the allegations raised in Plaintiff's Complaint is continuing. Accordingly, Defendant reserves the right to raise additional affirmative defenses.

WHEREFORE, Defendant Aisin Manufacturing Illinois, LLC requests that the Court (i) dismiss Plaintiff's claims with prejudice, (ii) enter judgment in favor of Defendant and against

Plaintiff, (iii) award Defendant its costs in this matter, including reasonable attorneys' fees, and (iv) allow Defendant such other and further relief as this Court deems just and proper.

Dated:  November 27, 2024                              Respectfully submitted,

                                                      */s/ Christopher Ward*
                                                      Christopher Ward
                                                      cward@foley.com
                                                      Foley & Lardner LLP
                                                      321 North Clark Street, Suite 2800
                                                      Chicago, IL 60654-5313
                                                      312.832.4500
                                                      312.832.4700

                                                      *Attorneys for Defendant Aisin*
                                                      *Manufacturing Illinois, LLC*

## <u>**CERTIFICATE OF SERVICE**</u>

I, Christopher Ward, an-attorney, hereby certify that on November 27, 2024, I caused the

foregoing <u>Amended Answer and Affirmative Defenses to Class Action Complaint</u> to be served

on the following parties by the Court's ECF filing service and via electronic mail:

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
222 W. Adams St.
Suite 2020
Chicago, Illinois 60606
312.233.1550 (tel.)
312.233.1560 (fax)
rstephan@stephanzouras.com
jzouras@stephanzouras.com
*ATTORNEYS FOR PLAINTIFF*

*/s/ Christopher Ward*
Christopher Ward